# BALTIMORE CITY COURT

Filed March 11, 1891.

PATRICK RODGERS
VS.
ALBERT N. HORNER AND COLIN STEWART.

*Wm. Colton* for plaintiff.
*Charles J. Bonaparte* for defendant.

HARLAN, J.—

The motion for a new trial will have to be granted for error in the instruction of the Court. By the plaintiff's first prayer the jury was told that, "Inasmuch as the defendant, Horner, claims title to the property in this case replevied, by virtue of an alleged sale thereof to him, the jury are instructed that to sustain his defense he must satisfy them that the said sale was consummated by delivery of the article sold through some act or form of words intended by both parties to the transaction to transfer immediately and irrevocably the possession and control of the said article from the vendor to the vendee, and if he shall fail to so satisfy them then their verdict must be for the plaintiff."

This prayer concludes to the right of recovery and its defect consists in making the passing of title to the defendant depend upon the fact and character of the subsequent delivery of the article sold, rather than upon the intention of the parties to the contract of sale, as shown by their language and the surrounding circumstances at the time thereof. Whether or not a bargain amount to an actual sale or is a mere executory agreement is always a question of intention; Benjamin on Sales (2d Am. Ed. by Perkins) §308, 311.

Or to state the principle differently "whether the title to the property, upon an agreement for a sale thereof, passes or not depends on the intention of the parties to the agreement." Ibid note C. P. §311, and cases cited. This interest is ordinarily to be determined by the jury from the acts and negotiations of the parties, and delivery may be a valuable index as to their intention with reference to the passing of the bill; but it is well settled that where parties as in this case are dealing about a specific article, designated and agreed on, *delivery* of the thing is *not essential* to transfer the title and put the property in the vendee.

Since the judgment of Lord Wensleydale (then Justice Parke) in Dixon vs. Yates, 5 B. and Ad. 313, it has never been doubted that by the law of England the sale of specific chattel passes the property to the vendee without delivery." Willis, J., in Meyerstern vs. Barber, L. R. 2 C. P. 38, 51. Not less distinct is the language of the Supreme Court of the United States: "Where the goods to be transferred are actually specified and the terms of sale, including the price, are explicitly given, the property as between the parties passes to the buyer, even without actual payment or delivery." * * *

Standard authorities also show that where there is no manifestation of intention, except what arises from the terms of sale, the presumption is if the thing to be sold is specified and ready for immediate delivery, that the contract is an actual sale, unless there is something in the subject matter or attendant circumstances to indicate a different intention." Hatch vs. Oil Co., 100 U. S. 131. See also Benjamin on Sales chs. 1 and 2 of Bk. II. and the American Notes to Perkin's Bennett's or Hare's Editions and Newmark on Sales §73. Being of opinion that the error in this instruction is sufficient to entitle the defendant to a new trial, it becomes unnecessary to consider the other grounds alleged in support of the motion.